**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**DARNELL WILSON**                                                                         **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 2:12cv128-KS-MTP**

**RON KING, et al.**                                                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motions [95] & [98] for Failure to Exhaust Available Administrative Remedies[1] and Motion [99] for Summary Judgment. Having reviewed the submissions of the party and the applicable law, the Court finds that the Defendants' Motion [99] for summary judgment should be denied, but that Plaintiff's case should be nonetheless be dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff Darnell Wilson, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983 on or about July 27, 2012. Wilson is currently incarcerated at East Mississippi Correctional Facility ("EMCF") located in Meridian, Mississippi. At the time of the events giving rise to this lawsuit, Wilson was incarcerated at South Mississippi Correctional Institute ("SMCI") located in Leakesville, Mississippi. SMCI is operated by the Mississippi Department of

---

[1]Motions [95] and [98] appear to be exact duplicates, and that the motion was filed a second time to cure an administrative error. *See* Docket Annotation as to Doc. 95 filed on August 1, 2014. The motions to dismiss also have the phrase "and to stay" in the title, but neither motion requests or otherwise mentions a stay of the proceedings, thus the undersigned will consider this language as inadvertently added.

Corrections ("MDOC"). Through his complaint and as clarified during his *Spears*[2] hearing, Wilson alleges claims of retaliation, deprivation of property and failure to protect against the Defendants. Several of the claims arise from an alleged incident where Wilson revealed information about an officer at SMCI, which led to that officer's termination of employment. Several claims relate to the fact that Wilson has filed a substantial number of grievances during his time at SMCI. Wilson seeks compensatory and punitive damages, as well as injunctive relief in the form of an order expunging Rule Violation Reports ("RVRs") and preventing further harassment.[3] The undersigned will discuss each of Plaintiff's claims more fully *infra*.

## STANDARD

Under 28 U.S.C. § 1915(e), the district court is directed to dismiss an *in forma pauperis* complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. 199, 202 (2007) (holding that Prison Litigation Reform Act mandates judicial screening of prisoner complaints). A complaint is frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Id.* (quotations omitted).

---

[2]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on April 29, 2014. The contents of the hearing were filed as an Omnibus Order [90].

[3]*See* Omnibus Order [90] at 4-5.

## ANALYSIS

Defendant's Motions to Dismiss for Failure to Exhaust

Defendants claim that Wilson has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Defendants argue that Wilson admits on the face of his Complaint [1] that he has failed to properly exhaust his claims through the requisite MDOC administrative remedy procedure ("ARP"). In the Complaint [1], Plaintiff states that he has filed between eighty and ninety ARPs, and "about half of them [] have been given judicial review" while the rest are still pending.[4] Wilson does not state whether any ARPs containing his instant claims have been exhausted. Attached to Defendants' motion to dismiss is nearly 370 pages of ARPs. Although it is not clear whether Wilson has exhausted some or any of his claims, the undersigned will not examine this argument because, as described *infra*, Wilson has failed to state or establish a constitutionally cognizable claim.

Defendants' Motion for Summary Judgment

The undersigned notes that Defendants' motion for summary judgment not only contains irrelevant and incorrect facts, but appears to be based on the facts of a completely different case. For instance, the motion states that Wilson was beaten and assaulted by other inmates.[5] However, Wilson specifically stated at the *Spears* hearing that he suffered no physical harm at SMCI.[6] In Wilson's Response [102], he explains that the assault described in the motion was on fellow inmate Eric

---

[4]*See* Complaint [1] at 4. In his Response [101] to the motion to dismiss, Wilson again claims that several of his ARPs have not been answered.

[5]*See* Memorandum in Support of Motion for Summary Judgment [100] at 12.

[6]*See* Omnibus Order [90].

Stewart, and not the Plaintiff.[7] Wilson further states that most of the facts described in the motion refer to Eric Stewart.[8] An affidavit attached to Defendants' motion contains a statement by Mary Hillman, who is not a defendant in this case, that references Eric Stewart as a plaintiff.[9] The affidavit also references case number 2:11cv194, which is a Section 1983 action Eric Stewart filed against SMCI officials. The Stewart lawsuit involves allegations based on substantially the same events as the instant action.[10]

The undersigned cannot make findings and recommendations based on a summary judgment motion that was seemingly not prepared for the case at hand.[11] Accordingly, the undersigned recommends that the motion for summary judgment be denied. However, notwithstanding the flaws of Defendants' motion for summary judgment, under 28 U.S.C. § 1915(e), the district court is directed to dismiss an *in forma pauperis* complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. *See Jones,* 549 U.S. at 202 (2007). Accordingly, after careful review of Plaintiff's pleadings, and the entire record, the undersigned recommends dismissal on this independent basis.

---

[7]*See* Response [102] at 2.

[8]*Id.*

[9]*See* Affidavit [99-2].

[10]*See* Omnibus Order [48] in Civil Action No. 2:11cv194-MTP.

[11]For example, on pg. 12 of Defendants' Memorandum in Support of the Motion[100], they mention Officer Mary Hillman as a defendant. Mary Hillman is not a defendant in this case, but was a defendant in Eric Stewart's case. *See* Civil Case No. 2:11cv194.

4

<u>Failure to State a Claim</u>

    <u>Failure to Protect</u>

    Wilson alleges that Defendant Enlers wrongfully transferred him to other units in violation of the red tag policy, and that he was housed with inmates from which he should have been separated.[12] Wilson also alleges that Defendant Ross called him a "snitch" in front of known gang members, placing Wilson at great risk of harm.[13] However, Wilson alleges no physical adverse effect as a result of the red tag policy violation or Defendant Ross's alleged comment.[14]

    Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. *Hill v. Thomas*, 326 Fed. App'x 736, 737 (5th Cir. May 1, 2009 (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To prevail on a failure to protect claim, Wilson must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Furthermore, in order to recover for mental or emotional injury, Wilson must also make a showing of physical injury. *See* the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e).

---

    [12]*See* Omnibus Order [90] at 3. The "red tag" process is a procedure that allows inmates who are intimidated or threatened by other inmates to separate themselves from those inmates. Wilson did not at any time allege or provide evidence that the red tag violation was a retaliatory act. *See* Complaint [1]; Omnibus Order [90]; Prisoner Affidavits Offered in Opposition to Motion for Summary Judgment [102-1] through [102-8].

    [13]*Id.* at 2.Wilson alleges that Defendant Ross's comment referred to an earlier instance in which he had provided information about an SMCI officer that led to the officer's termination. This fact is also the basis of a retaliation claim, discussed *infra*.

    [14]*See* Omnibus Order [90] at 2, 3. Wilson provided several affidavits authored by fellow inmates that state Defendant Ross called Wilson a "snitch" but none allege any harm to Wilson as a result. *See* Affidavits [102-1], [102-2].

5

As stated above, Wilson admits that he suffered no physical injury as a result of the alleged red tag violation or Defendant Joss's alleged statement. Accordingly, the failure to protect claims against Defendant Enlers and Defendant Ross should be dismissed. *See e.g., Jones*, 188 F.3d at 326 (affirming district court's dismissal of a prisoner's failure to protect claim where the pleadings alleged no physical injury); *see also Castellano v. Treon,* 79 Fed. App'x 6, 7 (5th Cir. 2003) (holding that claims alleging deliberate indifference of prison officials by labeling a prisoner a snitch fail when the prisoner concedes he suffered no actual physical injury).

Retaliation Claims

Wilson claims that he is the victim of retaliation at the hands of several Defendants. In order to assert a retaliation claim, an inmate must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McFaul v. Valenzuela*, 684 F.3d 564, 578 (5th Cir. 2012). A plaintiff must make a showing that but for the retaliatory motive, the action complained of would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

A plaintiff must either produce direct evidence of the defendant's motivation to retaliate or "allege a chronology of events from which retaliation may plausibly be inferred." *Jones,* 188 F.3d 322 at 325. "A prisoner who brings a retaliation claim bears a heavy burden that may not be satisfied with conclusional allegations or his own personal beliefs." *Williams v. Dretke*, 306 Fed. App'x 164, 167 (5th Cir. 2009). Courts must take a skeptical view of retaliation claims to avoid meddling in every act of discipline imposed by prison officials. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Prisoners bringing Section 1983 retaliation claims against prison officials must allege more than an inconsequential or *de minimis* retaliatory act to establish a constitutional

violation. *Morris v. Powell*, 449 F.3d 682, 684-85 (5th Cir. 2006).

<u>Random Searches of Wilson's Cell, Confiscation of Items, and RVRs for Contraband</u>

Wilson alleges that Defendant Enlers retaliated against him due to his reputation as a "snitch" on prison officers. Wilson claims that Defendant Enlers retaliated against him by conducting random searches and confiscating items. Among the items taken were a calculator, letters, and lip gloss. Kitchen items were also confiscated, which Wilson admits were contraband. However, Wilson claims that he received several RVRs for having these kitchen/food items, although others who had similar items from the kitchen were not issued RVRs.

Wilson's claim fails on several fronts. First, Wilson has failed to establish Defendant Enlers retaliated against him for the exercise of a constitutional right, as there is no constitutional right to act as a jailhouse informant. *See Stewart v. King*, No. 2:11-CV-194, 2013 WL 2318758 at *4 (S.D. Miss. May 28, 2014). Second, although Wilson has produced an affidavit from another inmate stating Defendant Enlers selectively enforced the rule against contraband by issuing RVRs against Wilson and not others,[15] Wilson has provided no evidence to support that Enlers's actions were prompted by retaliatory motives. The record does not reflect that Wilson previously revealed information about Defendant Enlers, or that she was even aware of Wilson's reputation as a jailhouse informant. Thus, because Wilson has not submitted competent evidence of a retaliatory motive or alleged a chronology of events from which retaliation may be plausibly inferred, his retaliation claims against Defendant Enlers should be dismissed.

---

[15]Wilson has provided an affidavit authored by fellow inmate Billy Hamilton asserting that Defendant Elners issued RVRs to Wilson for possession of goods that Hamilton himself possessed, but for which he did not receive an RVR. *See* Affidavit [102-7].

Other Retaliatory RVRs

Wilson claims that after Defendant Ross labeled him as a "snitch," he began to receive a number of RVRs. Wilson alleges that before this time, he had never received an RVR, and thus the RVRs were issued in retaliation because he had become a "snitch."[16] This chronology of events does not permit a plausible inference of a retaliatory motive on the part of any Defendant. Wilson has provided no evidence that the RVRs were retaliatory in nature other than the fact that they were issued after a certain point in time. Wilson also fails to describe the circumstances surrounding their issuance, or cite to any particular RVR. There is no evidence demonstrating the retaliation Wilson's alleges, and his personal belief and conclusory allegations cannot defeat summary judgment.

Wilson's Labeling as a "Snitch"

Wilson also alleges that Defendant Joss's statement that Wilson was a snitch was retaliation against him for revealing negative information about another SMCI officer. Wilson cannot maintain this claim for retaliation, as he fails to allege that Defendant Joss made the comment to Wilson for exercising a constitutional right. As explained *supra*, Wilson has no right to act as a jailhouse informant. *See Stewart*, 2013 WL 2318758 at *4; *cf. Bradley v. Rupert*, Civil Action No. 5:05cv74, 2007 WL 2815733 at *6 (holding that the right to refuse to act as a jailhouse informant is not a right protected by the constitution).

Separation from Eric Stewart

Wilson asserts that Defendants Brown, French, and King retaliated against him for filing grievances and lawsuits by placing him and his romantic partner, Eric Stewart, in separate housing. Wilson alleges that Defendant Brown played a part in keeping Wilson and Stewart apart, and agreed

---

[16]*See* Omnibus Order [90] at 2.

8

to consider moving the two inmates together in exchange for Wilson's cessation of filing ARPs and lawsuits against SMCI.[17] Wilson also alleges that he wrote Defendant French letter about the retaliatory separation from Stewart, but that French did nothing to rectify the situation, and stated that the two could not be housed together per SMCI policy.[18] Finally, Wilson alleges that Defendant King ordered other SMCI officials to house Wilson and Stewart separately because they were filing too many grievances and lawsuits.[19]

As stated above, prisoners bringing Section 1983 retaliation claims against prison officials must allege more than an inconsequential or *de minimis* retaliatory act to establish a constitutional violation. *Morris*, 449 F.3d at 684-85. Even if an act is motivated by retaliatory intent, if it is so *de minimus* that it would not deter the ordinary person from further exercise of his rights, it cannot serve as the basis for a retaliation claim. *Id.* at 686. The United States Court of Appeals for the Fifth Circuit has stated that the transfer of an inmate to harsher or more restrictive living and working conditions may be improper if done in retaliation for the exercise of constitutional rights. *Id.* at 687.

In this case, Wilson has failed to allege that he was transferred into harsher or more restrictive living conditions–he claims only that he was prevented from living with his romantic partner. Even if the undersigned were to assume the Defendants had a retaliatory motive in keeping Wilson and Steward separate,[20] there is no evidence that the act was more than *de minimus*.

---

[17]*See* Omnibus Order [90] at 4.

[18]Id.

[19]*Id.*

[20]Wilson has produced four affidavits authored by several inmates that state Wilson and Stewart were housed separately in retaliation, and asserting that the prison policy that required separation of romantic couples was selectively enforced. *See* Affidavits [102-1] through [102-4].

9

Prisoners have no constitutional right to be confined to a particular facility. *Meacham v. Fano*, 427 U.S. 215 (1976). Thus, Wilson is seeking relief to which he has no constitutional right. *See, e.g.*, *Johnson v. Thaler*, Civil Action No. 9:11cv8, 2011 WL 2922168 at *8 (E.D. Tex. May 27, 2011) (holding that a familial relationship with another inmate at the prison facility does not give a prisoner any protected interest in being housed there and cannot support a claim of retaliation). Because Wilson has failed to allege a retaliatory act that is not *de minimus*, his retaliation claim based on these grounds should be dismissed.

<u>Wrongful Confiscation of Property</u>

As outlined above, Wilson claims that Defendant Enlers wrongfully confiscated his property during several random searches. He alleges that she took a calculator, which was a gift that had great sentimental value, several letters, and lip gloss. Insofar as Wilson's allegations can be construed as a deprivation of property claim, he has failed allege facts necessary to state a claim.

It is well-established that neither negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available. *Jackson v. Maes*, 392 Fed. App'x. 317, 318 (5th Cir. 2010) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Mississippi provides post-deprivation remedies for both negligent and intentional conversions of property. *See, e.g.,* Miss. Code Ann. § 11-38-1 et seq. (claim and delivery); Miss. Code Ann. § 11-37-101 et seq. (replevin). It is Wilson's burden to establish that these post-deprivation remedies are not adequate. *Myers*, 97 F.3d at 94-95 (citations omitted). Wilson has failed to allege, must less provide any evidence, that these remedies are not adequate. Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil [*in forma paueris*] litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Thus, assuming that the items in question were

wrongfully confiscated by Defendants, Wilson's remedy lies not in a Section 1983 action, but in a tort claim under state law.

The *Paratt/Hudson* doctrine is an exception to this rule, which provides that searches conducted under prison policy as opposed to "random and unauthorized," violate the prisoners procedural due process right. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). Here, Wilson does not allege that the deprivation of his property was per the policy of SMCI. He only alleges random deprivations of his property. Accordingly, this claim should be dismissed.

## RECOMMENDATIONS

For the reasons stated above, it is the recommendation of the undersigned that Defendants' motion for summary judgment [99] be denied, that Wilson's Complaint [1] be dismissed *sua sponte* for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e), and that the dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g). The undersigned further recommends that Motions [95] and [98] (which are duplicate motions) be denied as moot.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS, the 22nd day of January, 2015.

s/ Michael T. Parker<br>
United States Magistrate Judge