**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**DARNELL WILSON**

**VS.**                                        **CIVIL ACTION NO. 2:12cv128-KS-MTP**

**RON KING, ET AL**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATIONS**

This cause is before the Court on Defendants' Motions [95, 98] for Failure to Exhaust

Available Administrative Remedies, Motion [99] for Summary Judgment and on the Report and

Recommendations [104] of Magistrate Judge Michael T. Parker.  The Court has considered the

above, as well as the applicable law and pleadings herein, as well as considering the Objections

[108] to the Report and Recommendations filed by the Plaintiff.  The Court finds that the Report

and Recommendations should be adopted as the finding of this Court for the following reasons,

to-wit:

**I.  BACKGROUND**

Plaintiff Darnell Wilson, proceeding *pro se* and *in forma pauperis*, filed this civil action

pursuant to 42 U.S.C. § 1983 on or about July 27, 2012. Wilson is currently incarcerated at East

Mississippi Correctional Facility ("EMCF") located in Meridian, Mississippi. At the time of the

events giving rise to this lawsuit, Wilson was incarcerated at South Mississippi Correctional Institute

("SMCI") located in Leakesville, Mississippi. SMCI is operated by the Mississippi Department of

1

Corrections ("MDOC"). Through his complaint and as clarified during his *Spears*[1] hearing, Wilson alleges claims of retaliation, deprivation of property and failure to protect against the Defendants. Several of the claims arise from an alleged incident where Wilson revealed information about an officer at SMCI, which led to that officer's termination of employment. Several claims relate to the fact that Wilson has filed a substantial number of grievances during his time at SMCI. Wilson seeks compensatory and punitive damages, as well as injunctive relief in the form of an order expunging Rule Violation Reports ("RVRs") and preventing further harassment.[2] The undersigned will discuss each of Plaintiff's claims more fully *infra*.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on April 29, 2014. The contents of the hearing were filed as an Omnibus Order [90].

[2]*See* Omnibus Order [90] at 4-5.

contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  ANALYSIS OF PLAINTIFF'S OBJECTIONS

Plaintiff makes no objections to the Report and Recommendations made by Judge Parker regarding the Motion for Summary Judgment.  However, as to the Motion for Failure to State a Claim, the Court will proceed in the order set forth in the Report and Recommendation.

#### Failure to Protect

Plaintiff objects for failure to protect based upon his claims that he was wrongfully transferred from D-1 housing unit to C-1 housing unit by Captain Nina Enlers.  He alleges that Captain Enlers did not first check the computer to see that he, in fact, had several "red tags," which meant that he should not be housed with specific individuals.  These "red tags" were claimed because Plaintiff had acted as an informant and was afraid that some gang members would do him harm because he had informed on a staff member who was furnishing contraband to the gang member.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners.  To prevail on a failure to protect claim Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Circ. 1999). Furthermore, in order to recover from mental and emotional injury, Wilson must also make a showing of physical injury.  *See* Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e).  Plaintiff states that when the issue was raised by him with Captain Sims, that Captain Sims stated, "Enler had no business moving 'me' out of her building to a building where 'I' had a 'red tag' on an 'organization member' who had previously

threatened me." He stated that the red tagged person was then moved. As stated above, Plaintiff must show deliberate indifference. This does not demonstrate deliberate indifference and the Court finds that this objection is without merit. Further, Plaintiff states that he suffered no physical injury. *See Castellano v. Treon*, 79 Fed. App'x 6, 7 (5th Cir. 2003).

**Retaliation Claims**

Wilson makes claims that he is the victim of retaliation at the hands of several of the Defendants. In order to assert a retaliation claim, an inmate must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Plaintiff must first make a showing that but for the retaliatory motive, the action complained of would not have occurred. *Johnson v Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997). "A prisoner who brings a retaliation claim bears a heavy burden that may not be satisfied by conclusional allegations or his own personal beliefs." *William v. Dretke,* 306 Fed. App'x 164, 167 (5th Cir. 2009). Retaliation claims must be viewed with skepticism to avoid meddling in every act of discipline imposed by prison officials. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Prisoners bringing Section 1983 retaliation claims against prison officials must allege more than an inconsequential or *de minimis* retaliatory act to establish a constitutional violation. *Id.* 684-685. He has not established this claim and the Court finds that this claim is without merit.

**Random Searches of Wilson's Cell, Confiscation of Items, and RVRs for Contraband**

Plaintiff claims that he has submitted competent evidence of a retaliatory motive and that it is based on the temporal relationship between his exercising constitutional rights to file grievances and that these filings marked the  beginning of the retaliations against him. His claim

4

is that until he started writing and filing RVRs and complaining about conditions of confinement that there were no searches or seizures of his property.  Plaintiff also states that his fellow inmates will testify that they heard Officers Sims and Brown state that if Plaintiff would stop writing RVRs and court filing that the retaliations would stop.  In order to establish retaliation the Plaintiff must show Defendants' intent to retaliate against the prisoner for his exercise of a specific constitutional right.  Plaintiff has a right to file grievances, but his proof establishing Defendants' motivation is lacking.  Courts are skeptical in viewing retaliation claims and no proof has been presented of the Defendants' intent.  Therefore, this objection lacks merit.

Plaintiff also alleges that the confiscation of his property indicates retaliation because the rules were selectively enforced against him.  He claims that he was receiving RVRs for the same actions that other inmates did and that they were not given RVRs for such actions as having food items that were contraband.  Plaintiff had no constitutional right to possess contraband and the proof of selective enforcement is weak.  The statements that he was treated differently from other inmates are conclusory and, additionally, there is no proof or claim of retaliatory intent. This objection is without merit.

### Other Retaliatory RVRs

Plaintiff also objects to Magistrate Judge Parker's ruling that there is no evidence that the RVRs were retaliatory in nature.  His objections are conclusory and are not backed up by specific facts.

### Wilson's Being Labeled as a Snitch

Plaintiff claims that Defendant Ross labeled Plaintiff as a snitch and by doing this violated MDOC's policy of protection from harm and also violated the standard for professional

conduct.  There is no proof that Defendant Ross labeled Plaintiff as a snitch to prevent him from exercising a constitutional right.  Plaintiff's claims are conclusory and without merit.

**Separation From Erik Stewart**

Plaintiff objects to his being separated from his "romantic partner" because they were together exercising their First Amendment right to file grievances and to complain about prison conditions.  There is no proof that the transfer of Plaintiff was to a harsher, or a more restrictive, housing.  This objection lacks merit.

Also, there is an objection to the prison officials failing to respond to a claim that Plaintiff was being stalked by a "dirty old man."  Here again, Plaintiff was moved and there is no proof that he was moved to a harsher or more restrictive unit.  There is no evidence that any injury suffered by the Plaintiff for this was more than *de minimis*.  This objection lacks merit.

**Wrongful Confiscation of Property**

Plaintiff claims that his property was wrongfully confiscated by Defendant Enlers.  There is an adequate remedy under the state tort system to recover property taken wrongfully.  There is no evidence that these remedies are inadequate. Plaintiff's objection lacks merit.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Wilson's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions

contained in the Report and Recommendation.  Defendant's Motion for Summary Judgment [99] is hereby denied and that the Complaint [1] be dismissed sua sponte for failure to state a claim upon which relief can be granted under 28 U.S.C. §1915(e).  The Court further finds that the dismissal should count as a "strike" pursuant to 28 U.S.C. § 1915(g).  The Court further finds that motions [95 and 98] are **denied** as moot. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Darnell Wilson's claim is **dismissed with prejudice**.

**SO ORDERED this, the 27th day of March 2015.**

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE